NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TERRILL DESHAWN LEE, *Petitioner*.

No. 1 CA-CR 14-0496 PRPC
FILED 7-12-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2004-005123-001 DT
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin, Mikel Steinfeld
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**W I N T H R O P**, Judge:

¶1        Petitioner, Terrill Deshawn Lee, petitions this court for review of the dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes ("A.R.S.") section 13-4239(C) (2010).

¶2        Lee pled guilty to first degree murder, an offense he committed in 2004 when he was sixteen years old.  The trial court sentenced Lee to a stipulated term of life imprisonment with a possibility of parole after twenty-five years.  Although the applicable sentencing statute provided for the possibility of parole after twenty-five years, the legislature abolished parole in 1993 when it amended A.R.S. § 41-1604.06.  *See former* A.R.S. § 13-703(A) (Supp. 2003) (sentences for first degree murder); 1993 Ariz. Sess. Laws, ch. 255, § 86 (1st Reg. Sess.) (amending A.R.S. § 41-1604.06).  Therefore, at the time the trial court sentenced Lee, the only way Lee could obtain release after twenty-five years was through executive clemency or commutation of his sentence.  *See* A.R.S. §§ 31-402(C) (Supp. 2015) (clemency), -443 (2002) (commutation).  A sentencing scheme that abolishes parole for life sentences and provides for release based only on executive clemency or commutation does not provide a meaningful opportunity for release from a life sentence.  *See Graham v. Florida*, 560 U.S. 48, 57 (2010).

¶3        Lee filed a successive notice of post-conviction relief in which he challenged his sentence based on the Supreme Court's decision in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012).  *Miller* held "that mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  *Id.* at ___, 132 S.Ct. at 2460.  Lee argued *Miller* was a significant change in the law that required the trial court to resentence him.

¶4 The trial court consolidated Lee's proceedings with those of a number of other petitioners who raised identical claims. The court ordered the parties to file briefs that addressed whether *Miller* was retroactive and whether the petitioners had cognizable claims given that they had not yet served twenty-five years of their sentences. The trial court then held a hearing on the consolidated claims, after which it denied relief. The court held in relevant part that *Miller* was a significant change in the law and was retroactive, that Arizona law did not mandate life sentences without a possibility of parole for juveniles, and that commutation or clemency did not provide meaningful opportunities for release to offenders sentenced to life with the possibility of release. The court further held, however, that the recent passage of House Bill ("H.B.") 2593, which reestablished parole for juvenile offenders sentenced to life imprisonment with a possibility of parole, resolved any issues as to whether Lee's sentence "violated the letter and spirit of *Miller*." Lee now seeks review. We review the trial court's summary dismissal of a Rule 32 proceeding for abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9, 368 P.3d 925, 927 (2016).

¶5 In his petition for review, Lee argues the trial court deprived him of the opportunity to challenge H.B. 2593 more fully. More specifically, Lee argues the trial court should have granted relief and ordered that Lee be resentenced so that during those resentencing proceedings, Lee could investigate and present claims that H.B. 2593 and the resulting statutory changes were not retroactive, violated the prohibition against *ex post facto* laws, and did not otherwise satisfy *Miller*.[1]

¶6 We deny relief. First, *Miller* is a significant change in the law and is retroactive. *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718, 736 (2016); *State v. Valencia*, 239 Ariz. 255, 259, ¶ 17, 370 P.3d 124, 128 (App. 2016). Second, "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery*, ___ U.S. at ___, 136 S.Ct. at 736. If we assume *arguendo* that Lee's sentence violated *Miller*, then H.B. 2593 and the resulting statutory changes remedied that violation because they permit juvenile homicide offenders to be considered for parole. Through H.B. 2593, the legislature enacted A.R.S. § 13-716 and amended A.R.S. § 41-1604.09(I). *See* 2014 Ariz. Sess. Laws, ch. 156, §§ 2-3. Arizona law now provides as follows: "Notwithstanding any other law, a person who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years for an offense that was committed

---

[1] Lee concedes he did not raise these issues until the oral argument below.

before the person attained eighteen years of age is eligible for parole on completion of service of the minimum sentence, regardless of whether the offense was committed on or after January 1, 1994." A.R.S. § 13-716 (Supp. 2015). Further, any person sentenced to life imprisonment and who is eligible for parole pursuant to A.R.S. § 13-716 is now expressly subject to the parole eligibility provisions of A.R.S. § 41-1604.09. A.R.S. § 41-1604.09(I) (Supp. 2015). Finally, this court has already considered and rejected claims regarding the retroactivity of H.B. 2593 and the resulting legislative changes. *See State v. Vera*, 235 Ariz. 571, 576-77, ¶¶ 21-22, 334 P.3d 754, 759-60 (App. 2014). Therefore, Lee now has a meaningful opportunity to be placed on parole once he completes twenty-five years of his sentence. This remedies any theoretical violation of *Miller*.

¶7        For the preceding reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: AA